# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| WAYNE WELLS,<br><br>        Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of the Social Security<br>Administration,<br><br>        Defendant. | CV 20-114-GF-JTJ<br><br><br>**MEMORANDUM<br>AND ORDER** |

## INTRODUCTION

Plaintiff Wayne Wells (Wells) brought this action to obtain judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner), denying his applications for disability insurance benefits and Supplemental Security Income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433.

## JURISDICTION

The Court has jurisdiction over this action under 42 U.S.C. § 405(g). Venue is proper given that Wells resides in Great Falls, Montana.  29 U.S.C. § 1391(e)(1); L.R. 1.2(c)(3).  The parties have consented to have the undersigned

conduct all proceedings in this matter and enter judgment.  (Doc. 10).

## BACKGROUND

Wells is 63 years old.  (Doc. 15 at 23).  Wells has a high school education. (Doc. 15 at 34).  Wells has past work experience as a construction worker.  (Doc. 15 at 35).  Wells filed his applications for Social Security disability insurance benefits and Supplemental Security Income benefits on January 22, 2018.  (Doc. 15 at 178-179, 180-184).  Wells alleged that he became disabled on September 1, 2017.  (Doc. 15 at 35).  Wells alleged that he became disabled due to a torn ACL in his left knee, a torn rotator cuff in his right shoulder, chronic lower back pain, and degenerative disc disease.  (Doc. 15 at 59).  Wells was last insured on September 30, 2018.  (Doc. 15 at 13).

An Administrative law judge (ALJ) conducted a hearing on Wells's applications for social security benefits on February 6, 2020.  (Doc. 15 at 30-51). The ALJ issued her decision on March 23, 2020.  (Doc. 15 at 25).  The ALJ determined that Wells had the following severe impairments: osteoarthritis and degenerative joint disease of the shoulders, hands, and right knee; and degenerative disc disease of the cervical and lumbar spine.  (Doc. 15 at 16).  The ALJ determined that Wells was not disabled at any time between September 1, 2017, and the date of her decision, March 23, 2020.  (Doc. 15 at 25).

*Id.* The ALJ determined that Wells was not disabled because he possessed the residual functional capacity to perform jobs that existed in significant numbers in the national economy such as: press operator, hand packager, and production assembler. (Doc. 15 at 24).

Wells requested that the Appeals Council review the ALJ's decision. The Appeals Council denied Wells's request for review. (Doc. 15 at 1). The Appeals Council's denial made the ALJ's decision the final decision of the Commissioner. *Id.*

Wells filed the present appeal on December 2, 2020. (Doc. 1). The matter has been fully briefed. (Docs. 19, 21, 22). The Court is prepared to rule.

## **STANDARD OF REVIEW**

The Court's review in this matter is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." *Desrosiers v. Sec. of Health and Human Services*, 846 F.2d 573, 576 (9th Cir.

3

1988).

## **BURDEN OF PROOF**

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months;" and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A),(B)).

The Social Security Administration regulations provide a five-step sequential evaluation process for determining whether a claimant is disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953-954 (9th Cir. 2001); 20 C.F.R. §§ 404.1520, 416.920. *Id.* The five steps of the inquiry are:

1.  Is the claimant presently working in a substantially gainful activity? If so, the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2.  Does the claimant have an impairment that is severe or a

4

combination of impairments that is severe? If so, proceed to step three. If not, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3.    Do any of the claimant's impairments "meet or equal" one of the impairments described in the listing of impairments in 20 C.F.R. Part 220, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4.    Is the claimant able to do any work that he or she has done in the past? If so, the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).

5.    Is the claimant able to do any other work? If so, the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

*Bustamante*, 262 F.3d at 954. The claimant bears the burden of proof under steps one through four. *Id.* The Commissioner bears the burden of proof under step five. *Id.*

A.    **ALJ's determination**

The ALJ followed the 5-step evaluation process in evaluating Wells's claim. At step 1, the ALJ determined that Wells had not engaged in substantial gainful activity since September 1, 2017. (Doc. 15 at 15).

At step 2, the ALJ determined that Wells had the following severe impairments: osteoarthritis and degenerative joint disease of the shoulders, hands, and right knee; and degenerative disc disease of the cervical and lumbar spine.

(Doc. 15 at 16).

At step 3, the ALJ found that Wells did not have an impairment, or combination of impairments, that met or was medically equal to one of the listed impairments.  (Doc. 15 at 17).

Before considering step 4, the ALJ determined Wells's residual functional capacity (RFC).  The ALJ determined that Wells possessed the RFC to perform medium exertional work subject to the following limitations: Wells can push, pull, lift or carry 50 pounds occasionally, and 25 pounds frequently; Wells can frequently stoop, kneel, crouch, crawl; and Wells can climb ramps, stairs, ladders, ropes, and scaffolds.  (Doc. 15 at 18).

At step 4, the ALJ determined that Wells was unable to perform his past relevant work as a fence builder and day laborer.  (Doc. 15 at 23).

At step 5, the ALJ determined that Wells possessed the residual functional capacity to perform jobs that existed in significant numbers in the national economy such as: press operator, hand packager, and production assembler. (Doc. 15 at 24).  Based on this finding, the ALJ determined that Wells was not disabled.  (Doc. 15 at 25).

## CONTENTIONS

### A.    Wells's Contentions

Wells argues that the Court should reverse the Commissioner's decision and remand the case for an award of benefits or for further proceedings.  (Doc. 19 at 23).  Wells argues that the Commissioner's decision should be reversed because the ALJ failed to provide sufficient reasons for discounting the opinions of treating physician Dr. Charles G. Marler, M.D., and consultative examiner Dr. Jamal Balouch, D.O.  (Doc. 19 at 5).

### B.    Commissioner's Position

The Commissioner argues that the Court should affirm the ALJ's decision because his decision was based on substantial evidence and was free of legal error.

## DISCUSSION

### A.    Opinions of Dr. Marker and Dr. Balouch

Wells filed his applications for social security benefits after March 27, 2017.  The ALJ was therefore required to apply the new regulations when evaluating medical opinion evidence.  82 Fed. Reg. 5844-01 (Jan. 18, 2017).  The new regulations eliminate the hierarchy that gave the opinions of treating sources more weight than non-treating sources, and gave the opinions of examining sources more weight than non-examining sources.  *See* Revisions to Rules, 2017

7

WL 168819.  Under the new regulations, the ALJ must consider and evaluate the

persuasiveness of all medical opinions based on some or all of the following

factors:

1. The supportability of the opinion;

2. The consistency of the opinion;

3. The medical source's relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of examinations);

4. The medical source's specialization;

5. The medical source's familiarity with other evidence in the record; and

6. The medical source's familiarity with the social security disability program requirements.

20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(a), (b)(2).

The factors that an ALJ must address in a particular case depends on

whether the medical opinion is contradicted or uncontradicted.  20 C.F.R. §

404.1520c(a)-(b).  If the medical opinion is uncontradicted, the ALJ need only

address the supportability and consistency factors.  20 C.F.R. §§ 404.1520c(b)(2),

416.920c(b)(2).

The supportability factor looks inward at the medical evidence presented in

support of the medical opinion.  A medical opinion that is supported by significant

8

relevant medical evidence is more persuasive.  Conversely, a medical opinion that is not supported by relevant medical evidence is less persuasive.  20 C.F.R. § 404.1520c(c)(1).

The consistency factor, on the other hand, looks outward.  The consistency factor compares the medical opinion to other medical and non-medical evidence in the record.  A medical opinion that is consistent with the other medical and non-medical evidence in the record is more persuasive.  20 C.F.R. § 404.1520c(c)(2). Conversely, a medical opinion that is not consistent with the other medical and non-medical evidence in the record is less persuasive.  *Id.*

If the ALJ must decide between two differing but equally persuasive medical opinions on the same issue, the ALJ must consider all of the referenced factors including: the medical source's relationship with the claimant, the medical source's specialization, the medical source's familiarity with other evidence in the record, and the medical source's familiarity with social security disability program requirements.  20 C.F.R. §§ 404.1520c(b)(2)-(3); 416.920c(b)(2)-(3).

Under current Ninth Circuit law, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and an ALJ must provide "specific and legitimate" reasons to reject a contradicted opinion from a treating or examining doctor.  *Lester v.*

9

*Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995).  The Ninth Circuit has not yet

addressed whether the new regulations alter these standards.  See, e.g., *Robert v.*

*Saul*, 2021 WL 1214518, at *4 (D. Or. March 3, 2021); *Titus L.S. Saul*, 2021 WL

275927, at *6 (C.D. Cal. Jan. 26, 2021).   Nevertheless, the new regulations

require the ALJ to explain her reasoning for discounting a medical opinion from a

treating or examining physician.  See 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

The ALJ must explain "how persuasive" she found the medical opinion to be

based on the applicable factors, and the ALJ's reasoning must be supported by

substantial evidence.  *Machelle H. v. Kijakazi*, 2021 WL 4342313, at *7 (D. Idaho

Sept. 22, 2021).

### a.    Dr. Jamal Balouch, D.O.

Dr. Jamal Balouch, D.O. is an examining physician.  Dr. Balouch examined

Wells on May 13, 2018.  Dr. Balouch took a history and reviewed Wells's medical

records.  Wells reported a torn left ACL, a torn right rotator cuff, knee pain,

chronic low back pain, and hand pain.  (Doc. 15 at 293).  Dr. Balouch had x-rays

taken of Wells's lower spine, left knee, and hands.  *Id.*  The x-rays showed

multilevel severe disc space narrowing in the lumbar spine, severe left

osteoarthritis in the left knee and moderate osteoarthritis in the right knee, and

mild diffuse osteoarthritis in the hands.  (Doc. 15 at 293).  Dr. Balouch conducted

10

a physical examination.  The examination revealed knee swelling and arthritic changes in the joints of Wells's hands.  (Doc. 15 at 291).

Dr. Balouch opined that Wells's medical conditions would limit Well's ability:

1.     To push, pull and lift over 10 lbs;

2.     To ambulate over 1000 feet without rest breaks;

3.     To stand for prolonged periods;

4.     To bend forward and kneel;

5.     To engage in activities with high fall risks; and

6.     To climb ladders and stairs.

(Doc. 15 at 293).   Dr. Balouch further opined that Wells "would only be able to tolerate light duties" and that Wells would need to from a "seated position [a] majority of the time."   (Doc. 15 at 293-294).

The ALJ found that Dr. Balouch's opinions were "not persuasive." (Doc. 15 at 22).  The ALJ stated that Dr. Balouch's opinions were not persuasive because:

1.     Dr. Balouch's opinions were "inconsistent" with Wells's "work activities;" and

2.     Dr. Balouch's "own exam findings, . . . were normal (e.g., normal strength, full ranges of motion) except for arthritic changes in

11

[Wells's] hands and bilateral knee swelling."

(Doc. 15 at 22).

### b.   Dr. Charles G. Marler, M.D.

Dr. Charles Marler was one of Wells's treating physicians. Dr. Marler first saw Wells on September 5, 2018. (Doc. 15 at 439). Wells complained of shoulder pain, knee pain, neck pain, and back pain. *Id.* Wells was tender to palpation of the neck. (Doc. 15 at 441). Dr. Marler noted that Wells's cervical range of motion was severely reduced. *Id.* Wells had tenderness and mild pain with motion of the lumbar spine. *Id.* Wells had severely reduced range of motion and tenderness in both shoulders. *Id.* Wells had tenderness and mild pain with motion of both knees. *Id.* Dr. Marler ordered x-rays and referred Wells for physical therapy. (Doc. 15 at 441-442).

Dr. Marler saw Wells again on September 25, 2018. Dr. Marler evaluated Wells for coronory artery disease and COPD. (Doc. 15 at 444). Wells reported shortness of breath on exertion. *Id.* Wells had mild pain with motion of his arms and legs, and edema noted in his extremities. (Doc. 15 at 446).

Dr. Marler saw Wells on January 30, 2019, for a disability evaluation. (Doc. 15 at 462). Dr. Marler noted that Wells had a history of degenerative joint disease in both shoulders and knees. *Id.* Dr. Marler noted that Wells had a history

of rotator cuff problems, and Wells could not lift above his shoulders.  (Doc. 15 at 462).

Wells reported to Dr. Marler that he could only work about 60% of the day, could not lift much above 10 to 15 pounds, and usually had to rest at lunch hours.  *Id.*

Dr. Marler conducted a physical examination.  Wells's lumbar and cervical spine were tender.  Wells experienced mild pain with motion.  (Doc. 15 at 465). Wells's left shoulder was tender and Wells experienced moderate pain with motion.  *Id.*  Wells's right shoulder was tender and had a severely reduced range of motion.  *Id.*  Wells had edema in the extremities.  *Id.*

Dr. Marler completed a Medical Source Statement form that described Wells's physical impairments and limitations.  (Doc. 15 at 300).  Wells's impairments included a shoulder rotator cuff injury, bilateral osteoarthritis of the knees, COPD, coronary artery disease, and osteoarthritis of the lumbar and cervical spine.  *Id.*

With respect to Wells's limitations, Dr. Marler check boxes on the form indicating:

1. That Wells would miss work 4 times per month due to his medical conditions;

2. That Wells could sit frequently, stand occasionally, walk and stoop infrequently, and never climb;

13

3.     That Wells could lift 5 pounds frequently, lift 10 pounds occasionally, and lift 20 pounds or more infrequently;

4.     That Wells could perform fine and gross manipulation with his hands frequently, and raise his arms over his shoulders infrequently;

5.     That Wells's pain level was "moderately severe;"

6.     That Wells would be off task 60% of an 8-hour workday due to pain;

7.     That Wells would not need to lie down due to pain;

8.     That Wells would need to take breaks during an 8-hour workday beyond the normal 15 minute breaks and the normal lunch break; and

9.     That Wells would not need an assistive device to ambulate.

(Doc. 15 at 300-301).

The ALJ found that opinions stated by Dr. Marler in the Medical Source Statement were "not persuasive." (Doc. 15 at 22-23). The ALJ stated that Dr. Marler's opinions were not persuasive because:

1.     "[I]t appear[ed] as if [Dr. Marler had] simply restated what [Wells] told him . . . , rather than relying on the objective medical findings to []form his opinion;"

2.     Dr. Marler did "not explain (and the treatment notes [do] not demonstrate) why [Wells] would need to be off-task 60% of a normal workday;" and

3.     Dr. Marler's opinion that Wells could only walk "infrequently" was inconsistent Dr. Marler's other findings that Wells did not need an "assistive device to ambulate," that Wells had "only mid-level pain," and that Wells did "not need to lie down due to his symptoms."

14

(Doc. 15 at 22-23).

The ALJ did not comply with the new regulations when she addressed the persuasiveness of the opinions of Dr. Balouch and Dr. Marler. The ALJ was required to "clearly articulate how she applied the consistency and supportability factors," and the ALJ was required to support her reasoning with substantial evidence. *Eric J.G. v. Saul*, 2021 WL 1186972, at *6-7 (D. Mont. March 30, 2021); *Carmen Claudia S. v. Saul*, 2021 WL 2920614, at *8 (C.D. Cal. July 9, 2021). The ALJ did not support her reasoning with substantial evidence. The ALJ did not explain why Dr. Balouch's opinions were inconsistent with Wells's work activities. The ALJ did not explain why Dr. Balouch's exam findings did not support his opinions regarding Wells's limitations. The ALJ did not explain why Dr. Marler's treatment notes did not support his opinion that Wells would be off-task 60% of a normal workday. Finally, the ALJ did not explain why Dr. Marler's opinion that Wells could only walk infrequently was inconsistent with Dr. Marler's other findings that Wells did not need an assistive device to ambulate, that Wells had only mid-level pain, and that Wells did not need to lie down due to his symptoms. The ALJ's failure to support her reasoning with substantial evidence was legal error.

15

Accordingly, IT IS HEREBY ORDERED:

1.    The Commissioner's decision to deny Wells's claim for disability and disability insurance benefits is REVERSED and REMANDED for further proceedings consistent with this Memorandum and Order.

2.    The Clerk is directed to enter judgment accordingly.

DATED this 28th day of December, 2021.


John Johnston
United States Magistrate Judge

16